IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LINDA K. JOHNSON**, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. **10-cv-274-MJR** |
| | ) | |
| **UNIVERSITY OF ILLINOIS**, | ) | |
| | ) | |
| Defendant(s). | ) | |

## ORDER

This action for alleged discrimination under the Americans with Disabilities Act was dismissed without prejudice by Order dated July 7, 2011, due to Plaintiff Linda K. Johnson's failure to effect service of summons and the complaint upon Defendant University of Illinois, as required under Federal Rule of Civil Procedure 4(m). Before the Court is pro se Plaintiff Johnson's "Motion to Reinstate Case on Docket" (Doc. 13).

In May 2010, Magistrate Judge Frazier issued an Order explaining that, because Plaintiff was not a pauper, the government would not effect service on her behalf (Doc. 5). On June 30, 2011, the Clerk of Court issued a Notice of Impending Dismissal and directed Plaintiff Linda K. Johnson to effectuate service upon Defendant University of Illinois. Plaintiff was warned that failure to take action on or before June 30, 2011, would result in this case being dismissed. On July 7, 2011, the record did not reflect that Defendant had been served, so the case was dismissed without prejudice (Doc. 11). Plaintiff Johnson now argues that on June 29, 2011, Defendant received a request for waiver of service and, because Rule 4(d)(1)(F) allots a defendant 30 days to return the waiver, the case was dismissed prematurely.

1

The Seventh Circuit has held that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). "[W]hether a motion filed within [28] days of the entry of judgment[1] should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in original) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006) (clarifying that "the former approach-that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would be construed as Rule 59(e) motions- no longer applies")). Nevertheless, a motion to reconsider filed more than 28 days after entry of the challenged order, "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)); *see also Talano v. N.W. Med. Faculty Found., Inc.,* 273 F.3d 757, 762 (7th Cir. 2001).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake of law or fact, or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 519 U.S. 1040; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Rule 60(b) provides for relief from judgment for "mistake, inadvertence,

---

[1]Because the Order and Judgment at issue were not sent by the Clerk of Court to Plaintiff Johnson until July 14, 2011, the Court considers the 28-day mark to be August 11, 2011. Johnson's motion was filed August 10, 2011.

surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1).  However, the reasons offered by

a movant for setting aside a judgment under Rule 60(b) must be something that could not

have been employed to obtain a reversal by direct appeal.   *See, e.g., Bell v. Eastman

Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*,

865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP

60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge,

as distinguished from clerical mistakes caused by inadvertence"); *Swam v. U.S.*, 327 F.2d

431, 433 (7th Cir. 1964), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was

mistaken as a matter of law in dismissing the original petition does "not constitute the kind

of mistake or inadvertence that comes within the ambit of rule 60(b)").

The Court construes Plaintiff Johnson's motion as asserting a mistake of law

or fact and falling within the ambit of Rule 59(e).

Federal Rule of Civil Procedure 4(m) prescribes that, if a defendant is not

served within 120 days after the filing of the complaint, after notice to the plaintiff, the Court

"must dismiss the action without prejudice against that defendant or order that service be

made within a specified time."  A full year had passed when Plaintiff was notified that she

had until June 30, 2011, to effect service.  By Plaintiff's own admission, to date Defendant

has not waived service and has not been served.  Requesting a waiver is a mechanism of

convenience, which does not itself constitute service.  If service is not waived, it remains

up to the plaintiff to effect service.   *See* FED. R. CIV. P. 4(f).  Therefore, the Court was

under no obligation to wait to see if Defendant waived service; Plaintiff had already been

granted an extension of time to effect service.[2]   Had the Court waited and/or given a

further extension, we now know that service would not have been accomplished even with

the benefit of an additional 30 days.  Plaintiff has not requested or shown cause for an

extension of time.  Therefore, there was no mistake of law or fact warranting alteration or

amendment of the order and judgment dismissing this action without prejudice.

  Insofar as Plaintiff's motion could be construed as a motion pursuant to Rule

60(b)(1) for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect,"

the motion also fails.  Factors relevant to whether neglect is "excusable" include: "the

danger of prejudice, the length of the delay and its potential impact on judicial proceedings,

the reasons for delay, including whether it was within reasonable control of the movant,

and whether the movant acted in good faith." *Pioneer Investment Services Co. v.

Brunswick Associates Limited Partnership*, 507 U.S. 380, 393-395 (1993).  In this situation,

where Plaintiff had been told a year earlier that it was her responsibility to effect service,

and Plaintiff had been warned that the action would be dismissed if service was not

effected by the specified deadline, the delay was unreasonable and within Plaintiff's

control.  Allowing Plaintiff an indeterminate amount of time, or the luxury of effecting

service at her leisure, is unfair to Defendant and untenable in terms of the Court's docket.

As the Court's previous Order noted, dismissal of this action with prejudice would be

warranted under Federal Rule of Civil Procedure 41(b), for failure to prosecute, as this was

a problem entirely of Plaintiff's own making.

---

[2]Rule 4(m) provides that if the plaintiff shows good cause for the failure to effect service within 120 days, the Court must extend the time for service for an appropriate period.

**IT IS THEREFORE ORDERED** that, for the stated reasons, Plaintiff

Johnson's "Motion to Reinstate Case on Docket" (Doc. 13) is **DENIED**.

IT IS SO ORDERED .

DATED: **August 23, 2011**

s/ Michael J. Reagan
MICHAEL J. REAGAN
UNITED STATES DISTRICT JUDGE