IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LINDA K. JOHNSON**, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. **10-cv-0274-MJR** |
| ) | |
| **UNIVERSITY OF ILLINOIS**, ) | |
| ) | |
| Defendant(s). ) | |

**ORDER**

    This action for alleged discrimination under the Americans with Disabilities Act was dismissed without prejudice by Order dated July 7, 2011, due to Plaintiff Linda K. Johnson's failure to effect service of summons and the complaint upon Defendant University of Illinois, as required under Federal Rule of Civil Procedure 4(m).  Johnson subsequently filed what was construed as a motion to amend or alter judgment pursuant to Federal Rule of Civil Procedure 59(e), reflecting only that Defendant University of Illinois had failed to respond to her request for waiver of service (Doc. 13).   The Court denied the Rule 59(e) motion (Doc. 16).   Now before the Court is Plaintiff Johnson's second "Motion to Reinstate Case on Docket" (Doc. 17).

    The following synopsis of the procedural history leading to the dismissal of this case places the present motion in context.   In May 2010, Magistrate Judge Frazier issued an Order explaining that, because Plaintiff was not a pauper, the government would not effect service on her behalf (Doc. 5). On June 9, 2011, the Clerk of Court issued a Notice of Impending Dismissal and directed Plaintiff Linda K. Johnson to effectuate service upon Defendant University of Illinois. Plaintiff was warned that failure to take action on or before June 30, 2011, would result in this case being dismissed.   On July 7, 2011, the record did not reflect that Defendant had been served, so

1

the case was dismissed without prejudice (Doc. 11).

In her Rule 59(e) motion, Plaintiff Johnson argued that on June 29, 2011, Defendant received a request for waiver of service and, because Rule 4(d)(1)(F) allots a defendant 30 days to return the waiver, the case was dismissed prematurely. In denying that motion, the Court observed that Rule 4(m) allots 120 days for service, and a full year had passed from the filing of the suit and when she was warned that she was being given until June 30, 2011, to effect service. It was explained that, in accordance with Rule 4(f), if a defendant does not waive service, it remains up to the plaintiff to effect service. Consequently, the Court concluded that there had been no mistake of law to warrant relief from the judgment.

The Court construes Plaintiff Johnson's current motion as falling under the ambit of Federal Rule of Civil Procedure 60(b) (based on both timing and substance). *See Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008); *Borrero v. City of Chicago*, 456 F.3d 698, 701-702 (7th Cir. 2006); *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994).

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. U.S.*, 327 F.2d 431, 433 (7th Cir. 1964), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b)").

Johnson now explains that between June 13, 2011, and the June 30, 2011, deadline for effecting service, she and her family were occupied with various serious health concerns. Johnson's daughter gave birth to a child on June 16. The child was diagnosed with Down Syndrome and had to have surgery on June 20. Johnson herself must have dialysis treatment five days per week, which exhausts her. According to Johnson, on June 29, 2011—the day before her service deadline—she appeared in the Clerk's Office and a worker suggested she fill out a waiver of service form, which she did. Johnson admits that the University never executed a waiver of service, and she has never actually served them with summons and the complaint. Johnson asks that the Court find mercy for her family situation and reinstate her complaint.

Rule 60(b)(1) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Johnson's request for mercy is akin to her seeking relief due to excusable neglect. Factors relevant to whether neglect is "excusable" include: "the danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the reasons for delay, including whether it was within reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 393-395 (1993).

The Court must reiterate what has been explained before. Federal Rule of Civil Procedure 4(m) prescribes that, if a defendant is not served within 120 days after the filing of the complaint, after notice to the plaintiff, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." A full year had passed when Plaintiff was notified that she had until June 30, 2011, to effect service. By Plaintiff's own admission, the waiver was never executed. Requesting a waiver is a mechanism of convenience, which does not itself constitute service. If service is not waived, it remains up to the plaintiff to

3

effect service.  *See* FED. R. CIV. P. 4(f).  By giving Johnson until June 30, 2011, to effect service, she had already been granted far, far more time to effect service than is reasonable.

Plaintiff did not move for an extension of time before the June 30, 2011, deadline passed.  Plaintiff did not even present her family circumstances in her first motion for reconsideration.  Had the Court waited and/or given a further extension, we now know that service would not have been accomplished even with the benefit of an additional 30 days.  Allowing Plaintiff an indeterminate amount of time, or the luxury of effecting service at her leisure, is unfair to Defendant and untenable in terms of the Court's docket.  Litigation cannot be prolonged merely to accommodate a plaintiff who, for no apparent reason, did not accomplish service in more than three times the amount of time allotted under Rule 4.

**IT IS THEREFORE ORDERED** that, for the stated reasons, Plaintiff Johnson's "Motion to Reinstate Case on Docket" (Doc. 17) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 27, 2012**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**